## Board of County Commissioners of Nobles County *vs.* Charles Z. Sutton.

### February 2, 1877.

**Tax Judgment—Appeal.**—Notice of an appeal to the supreme court, from an order of the district court refusing to set aside a tax judgment, must be served upon the county attorney.

In proceedings to enforce payment of taxes remaining delinquent, on June 1, 1875, for the county of Nobles, a tax judgment was entered in the district court for that county, against real estate of the defendant.  A motion to vacate and set aside the judgment was denied by *Dickinson,* J., and the defendant attempted to appeal from the order denying his motion.  The county attorney moved to dismiss the appeal for want of proper service of the notice.

*Daniel Rohrer*, for appellant.

*M. B. Soule*, for respondent.

BERRY, J.    In the matter of the proceedings to enforce payment of taxes on real estate remaining delinquent on the 1st day of June, 1875, for the county of Nobles, state of Minnesota. By Laws 1874, c. 1, § 110, it is enacted that the filing of the list of delinquent taxes of real estate " shall have the force and effect of filing a complaint in an action by the county against each piece or parcel of land therein described, to enforce payment of the taxes therein appearing against it, and shall be deemed the institution of such action, and the same shall operate as notice of the pendency of such action." See, also, sections 117, 120. By Gen. St. c. 8, § 181, the county attorney is required to " appear in all cases where the county is a party, and prosecute or defend for the county." Gen. St. c. 66, § 62, as amended by Laws 1872, c. 72, provides that, " where a party, whether resident or non-resident, has an attorney in the action, the service of papers shall be upon the attorney instead of the party."

An appeal from the district to the supreme court is made by the service of a notice in writing on the adverse party and on the clerk. Gen. St. c. 86, § 3.

From these provisions of statute it follows that the filing of the delinquent list by the auditor, under section 110 of the tax law of 1874, has the effect to institute an action, in which the county is party plaintiff, and in which the county attorney is its attorney, upon whom service of notice of any appeal in such action from the district to the supreme court must be made.

The case at bar is an attempted appeal from an order of the district court refusing to set aside a tax judgment. Upon the hearing below, the county attorney appeared for the county. Service of a notice of appeal was made upon the county auditor, but no notice of appeal was served upon the county attorney.

Appeal dismissed.